**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **ADDIE E. THWEATT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:20-cv-548 |
| ) | |
| **RONALD T. RHODES, individually,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **ALVIN F. JONES, individually,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT

Plaintiff, Addie E. Thweatt ("Ms. Thweatt" or "Plaintiff"), by counsel, hereby alleges the following causes of action:

## INTRODUCTION

1. This matter arises from the unlawful criminal prosecution of Plaintiff, who was then a bus driver for Prince George County Public Schools ("PGCPS") for approximately thirty-eight (38) years, for the offense of Disorderly Conduct on or about May 9, 2018, involving a verbal exchange between Plaintiff and a student ("KR") on her bus, pursuant to § 18.2-415 of the Code of Virginia, which is a class 1 misdemeanor offense punishable by a term of imprisonment of 12 months in jail or 1 year in prison and up to a $2,500 fine, either or both.

2. Ronald T. Rhodes ("Rhodes"), Director of Operations for PGCPS, instituted criminal proceedings against Plaintiff, wholly without probable cause, upon false, incomplete, and misdirected information and with malicious intent, and provided the same false information to a Prince George County Public School resource officer, Alvin F. Jones ("Officer Jones"), of the

Prince George Police Department, who then proceeded to the local magistrate's office with the same false information and lacking probable cause, and orally swore out the criminal complaint against the Plaintiff on May 10, 2018.

3. Both Rhodes and Officer Jones undertook their actions against the Plaintiff with actual malice, reckless disregard for Plaintiff's rights, and intent to injure Plaintiff.

4. On July 17, 2018, the criminal prosecution of the charge against Plaintiff terminated favorably for Plaintiff as she pled and was found not guilty.

## PARTIES

5. Plaintiff, Addie E. Thweatt, is a natural person and a citizen of the Commonwealth of Virginia, residing in Prince George County, Virginia.

6. Defendant, Ronald T. Rhodes, is a natural person and a citizen of the Commonwealth of Virginia, residing, on information and belief, in the City of Hopewell, Virginia. At all relevant times, Rhodes worked for the Prince George County Public Schools as Director of Operations. Rhodes is sued in his individual capacity.

7. Defendant, Alvin F. Jones, is a natural person and a citizen of the Commonwealth of Virginia, residing, on information and belief, in Prince George County, Virginia. At all relevant times, Officer Jones worked for the Prince George County Police Department and was assigned as a Resource Officer to the PGCPS. Jones is sued in his individual capacity.

## JURISDICTION & VENUE

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Count I arises under 42 U.S.C. § 1983.

9. Venue for this action lies properly in the United States District Court for the Eastern District of Virginia, Richmond Division, pursuant to 28 U.S.C. § 1391, because the events giving

rise to Plaintiff's claims occurred in the Prince George County, Virginia, which is a territory included within those assigned to the Richmond Division of the Eastern District of Virginia.

## FACTUAL BACKGROUND

10. At all relevant times, Ms. Thweatt was an employee of PGCPS as a bus driver, and where she had been employed for the prior thirty-eight (38) years at the time of arrest.

11. As a school bus driver, Ms. Thweatt is required to maintain a safe, disciplined environment for all student passengers while on her bus.

12. On or about May 10, 2018, Ms. Thweatt met with Rhodes in his office concerning an incident with a student which occurred on her bus on May 9, 2018 (the "Incident").

13. Shortly after the meeting, Rhodes presented Ms. Thweatt with a letter dated May 10, 2018 (the "Letter"). *See* Letter from Mr. Rhodes to Ms. Thweatt, dated May 10, 2018, attached as Exhibit 1.

14. The Letter purported to summarize the Incident, allegedly based on a review of the bus film, stating, in part:

> While at a bus stop (Sweet Gum Lane and Wildwood Drive) a student entered your bus talking to another student. The student stated that "I will hit her straight in the face" as she boarded the bus and sat in her seat. You asked her "you going to hit who in the face?" Which she replied "who you think?" At that you got out of your seat asking twice "aw naw you talking to me?" The child replied "did I say I was going to hit you?" Then you told her "bring it on! You going to hit me in the face? Who you talking to me or who?" The child asked you "you going to drive the bus?" You replied while standing at the child's seat "Naw you going to tell me who you talking to? I am going to call somebody you can get off of the bus!" The child then got up and said "I am getting the fuck off the bus" and you said "get off the bus." As she exited the bus she told you "fuck you then!"

*See* Ex. 1.

15. At the conclusion of the meeting on May 10, 2020, Rhodes advised Ms. Thweatt that she was going to be placed on administrative leave without pay pending the findings of the Court, as Rhodes told her that Officer Jones was going to press charges against her for her actions.

16. The Letter did not fully and accurately reflect the events of May 9, 2018, or Ms. Thweatts responses at the meeting of May 10, 2018.

17. Ms. Thweatt was told she could appeal Rhodes' decision to place Ms. Thweatt on administrative leave to Dr. Patrick Bingham, Assistant Superintendent, within three (3) days of his decision. Ms. Thweatt called Dr. Bingham's office the next day to appeal Rhodes' decision, but her call was never returned.

18. Officer Jones sought a Warrant of Arrest for Ms. Thweatt on the charge of disorderly conduct pursuant to § 18.2-415 of the Code of Virginia, which was issued on May 11, 2018 at 11:09 a.m. by a local magistrate judge.

19. Specifically, the Warrant of Arrest stated, in part, Ms. Thweatt

> [C]ommit[ted] an act of disorderly conduct ON A PUBLIC SCHOOL BUS with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, by engaging in conduct having a direct tendency to cause acts of violence by the person or persons at whom such conduct was directed.

*See* Warrant of Arrest, attached as Exhibit 2.

20. Upon information and belief, neither Rhodes nor Officer Jones ever interviewed KR prior to Ms. Thweatt being placed on administrative leave and before her arrest.

21. Further, upon information and belief, Officer Jones made only a verbal statement to the magistrate judge in obtaining the Warrant of Arrest.

22. Officer Jones executed the Warrant of Arrest by personally serving it on Ms. Thweatt on May 11, 2018 at 11:47 a.m., and she was released on her own promise to appear at her

arraignment in the Prince George County Juvenile and Domestic Relations District Court on May 14, 2018 at 8:00 a.m.

23. Thereafter, Ms. Thweatt retained counsel and appeared for trial on July 17, 2018 at which time she plead not guilty.

24. The Court, after viewing the bus film of May 9, 2018, involving KR and Ms. Thewattt, and hearing testimony from KR, who admitted at the trial she was going to hit Thweatt in the face, and the testimony of Rhodes, found Ms. Thweatt not guilty.  *See* Ex. 2.

## STATEMENT OF CLAIMS

### COUNT I:

### MALICIOUS PROSECUTION (42 U.S.C. § 1983)

25. Plaintiff incorporates by reference and re-alleges each allegation set forth above.

26. At all material times, Rhodes was acting under the color of state law as an employee of PGCPS.

27. At all material times, Officer Jones was acting under the color of state law as an employee of Prince George's County Police Department assigned to PGCPS.

28. Ms. Thweatt has a right against unreasonable seizures under the Fourth Amendment of the Constitution of the United States.

29. Officer Jones, at the direction of Rhodes, instituted criminal proceedings against Ms. Thweatt by seeking a Warrant of Arrest on the charge of disorderly conduct pursuant to § 18.2-415 of the Code of Virginia on or about May 11, 2018.

30. Pursuant to Officer Jones' verbal presentation, the magistrate judge issued an arrest warrant pursuant to § 18.2-415 of the Code of Virginia for disorderly conduct against Ms. Thweatt, a class 1 misdemeanor offense punishable by up to a year in jail or $2,500 fine or both.

31.     Section 18.2-415 of the Code of Virginia provides, in part, "[t]he conduct prohibited under subsection A shall not be deemed to include the utterance or display of any words." *See* Va. Code § 18.2-415(B).

32.     Further, "words uttered by the defendant, however offensive or rude, do not establish disorderly conduct." *Ford v. City of Newport News*, 23 Va. App. 137, 144, 474 S.E.2d 848, 851 (1996).

33.     Ms. Thweatt's actions, which only included words, do not amount to disorderly conduct as a matter of law.

34.     Ms. Thweatt did not engage in conduct having a direct tendency to cause acts of violence by the person to which such conduct was directed.

35.     The facts and circumstances known to Rhodes and Officer Jones, and on which they acted, were such that a reasonable and prudent person acting on the same facts and circumstances would not have believed Ms. Thweatt guilty of any criminal act, much less disorderly conduct.

36.     The bus film, as summarized in the Letter, on its face, is so lacking in indicia of probable cause to support a charge of disorderly conduct against Ms. Thweatt as to render official belief in its existence by a magistrate judge unreasonable.

37.     Rhodes and Officer Jones acted recklessly, with actual malice, and with a conscious disregard to the rights of Ms. Thweatt in pursuing the criminal charge against her.

38.     On July 17, 2018, the misdemeanor charge against Ms. Thweatt was dismissed after she plead not guilty and was found not guilty, ending the criminal proceeding in a manner favorable to Ms. Thweatt.

39. As a result of the intentional and reckless actions of Rhodes and Officer Jones, Ms. Thweatt was unlawfully seized and arrested in violation of the Fourth Amendment of the Constitution of the United States, pursuant to legal process that was not supported by probable cause.

40. Due to the malicious prosecution of Ms. Thweatt, her Fourth Amendment rights to be free from unlawful seizure and arrest were violated, and she suffered great emotional and mental distress, attorneys' fees and costs for her criminal defense and future expungement, inconvenience, loss of enjoyment of life, diminished physical health due to the great humiliation, embarrassment, mortification, shame, vilification, great personal trauma, stress, fear, worry, facing incarceration up to 1 year in jail or prison, loss of freedom, injury to her good name and reputation, and her unlawful seizure and arrest ultimately cost her job and long-term career as a bus driver.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in her favor and against Ronald T. Rhodes and/or Officer Alvin F. Jones, jointly and severally;

B. Declare the acts and practices complained of herein are in violation of her rights as secured by the Fourth Amendment of the Constitution of the United States, as enforced by 42 U.S.C. § 1983;

C. Award Plaintiff money damages for all pecuniary losses, including, but not limited to, legal expenses incurred and to be incurred.

D. Award Plaintiff money damages for Defendant's violation of Plaintiff's federal constitutional and civil rights, mental and/or emotional distress, inconvenience, and humiliation and embarrassment in an amount not less than $750,000.00;

E. Award Plaintiff punitive damages in an amount not less than $350,000.00;

F. Award Plaintiff any and all reasonable attorney's fees, pursuant to 42 U.S.C. § 1988(b);

G. Award Plaintiff any and all expert fees, pursuant to 42 U.S.C. § 1988(c);

H.      Award Plaintiff pre-judgment interest from May 10, 2018 until the day of judgment; and

I.      Award Plaintiff any and all other relief the Court deems just and appropriate, including leave to amend the facts, add parties and claims, and amend damages sought, as further evidence is obtained through discovery in this matter.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**ADDIE E. THWEATT**
*Plaintiff*

By: _____/s/_____
James B. Thorsen, Esq.
VSB No. 18113
Jesse A. Roche, Esq.
VSB No. 82579
Judson Peverall
VSB No. 94086
Attorneys for Addie Thweatt
THORSENALLEN LLP
5413 Patterson Avenue, Suite 201
P. O. Box 17094
Richmond, Virginia 23226
Telephone: (804) 447-7234
Facsimile: (804) 447-7813
E-mail: jthorsen@thorsenallen.com
E-mail: jroche@thorsenallen.com
E-mail: judsonpeverall@gmail.com